JUSTICE McDONOUGH
concurring and dissenting.
I concur that an equitable bill of discovery is cognizable under Montana law. Such bill should be properly pleaded and include an allegation that request for the necessary information has been made from the parties named as defendants in the complaint and that information has not been provided pursuant to such request. However, in this instance I would not dismiss due to this insufficiency because this appeal is one of first impression and it is obvious that respondents resisted discovery.
I respectfully dissent from the majority as to the other restrictions imposed in its opinion. Courts of equity are not bound by cast-iron rules. The governing rules of equity are flexible and adopt themselves to the exigencies of the particular case. See Dutton, Mollenberg v. Rocky Mtn. Phosphates (1968), 151 Mont. 54, 438 P.2d 674. A myriad of fact situations can arise where the imposition of such a restriction or restrictions would be inequitable. Complaint for discovery should *473 be permitted to be reasonably brought and proved. However, once the need for discovery is established, the scope and methods of limited discovery should be conducted under the direction of the court.
If evidence of the need is submitted to the satisfaction of the court, then with the court’s permission upon proper showings, a party may make discovery which would be the least cumbersome, intrusive and expensive to the parties. This would satisfy the constitutional requirements of the right of access to the courts contained in Article II, Section 16, the requirements and the prohibition against unreasonable searches and seizures under Article II, Section 11, and the right of privacy under Article II, Section 10 of the Montana Constitution of 1972.